UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHLEEN B. SMITH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | No.   2:14-CV-0021-SMJ<br><br>**ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION, DENYING DEFENDANT'S SUMMARY JUDGMENT MOTION, AND REMANDING THE CASE FOR FURTHER PROCEEDINGS** |

Before the Court, without oral argument, are cross summary judgment motions. ECF Nos. 21 & 28. Plaintiff Kathleen Smith appeals the Administrative Law Judge's (ALJ) denial of benefits. ECF No. 1. Plaintiff contends the ALJ erred at steps three and five of the sequential evaluation process. Further, Plaintiff believes the ALJ also erred in (1) considering the opinions and records of treating physicians, (2) finding that fibromyalgia was a non-severe impairment, (3) failing to provide clear and convincing reasons for rejecting Plaintiff's testimony, and (4) not giving specific germane reasons for rejecting the statement of Plaintiff's daughter. ECF No. 21 at 4-5. Plaintiff believes that the Court should overturn the ALJ's denial of benefits or, in the alternative, to remand the matter to consider

ORDER - 1

additional medical evidence. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision.

After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court remands the case so that the new medical evidence can be considered.

**A.    Statement of Facts[1]**

At the time of the hearing, Plaintiff was 47 years old, was single, and lived by herself in a manufactured home. She testified to having an eighth or ninth grade education, that she was in special education through junior high school, and that she continues to struggle with reading and understanding even simple instructions. Up until August 2010, Plaintiff worked as a hairstylist and also as a caregiver. Plaintiff believes she is entitled to benefits as a result of numerous sever physical and mental conditions that have made her unable to work since March 2011. Specifically, Plaintiff suffers from spinal issues, among other physical and mental impairments.

Plaintiff has been treated for these spinal issues by Dr. Peter Ward and Dr. Hank Vejovoda.

//

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

At the hearing, the ALJ did not find that Plaintiff has suffered from any sever impairments. Further, the ALJ did not find Plaintiff's testimony regarding her symptoms to be credible. Accordingly, the ALJ denied benefits on the grounds that Plaintiff has the residual functional capacity to perform light work with some limitations and that she is capable of performing past relevant work as a hairstylist.

**B.    Procedural History**

Plaintiff filed an application for disability benefits on March 31, 2011. This application was denied as was her request for reconsideration. Subsequently, Plaintiff filed a request for hearing. The ALJ conducted a hearing and, on November 2, 2012, issued a decision denying benefits. Plaintiff requested a review of the decision by the Appeals Counsel, and presented new medical records from several visits to Dr. Vejovoda, one of which was a spinal surgery. The Appeals Counsel denied this request for review in January 2014. Plaintiff filed a timely complaint pursuant to 42 U.S.C. § 405(g), claiming that the ALJ erred and that his decision should be overturned or the matter should be remanded.

**C.    Disability Determination**

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the

ORDER - 4

claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

///

//

ORDER - 5

**D.    Standard of Review**

On review, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision. *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). The Court upholds the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)); *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987) (recognizing that a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance, *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [ALJ] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). If the evidence supports more than one

//

rational interpretation, the Court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

E.   **Analysis**

The ALJ used the required five-step sequential framework to determine whether Plaintiff was disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant time period. ECF No. 14 at 12. At step two, the ALJ concluded that Plaintiff has several severe impairments as defined under the Social Security Act and Regulations. *Id.* At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the requisite severity. *Id.* at 13-14. At step four, the ALJ concluded that Plaintiff is able to perform her past relevant work as a hair stylist. *Id.* at 19. At step five, the ALJ found that Plaintiff, despite certain limitations, has the residual functional capacity to perform light work and is capable of performing the requirements of certain occupations that exists in significant numbers in the national economy. *Id.* at 14-20.

Plaintiff believes that, in reaching this conclusion, the ALJ committed five reversible errors. First, Plaintiff argues the ALJ failed to properly consider the medical opinions of numerous doctors. ECF No. 21 at 5-16. Second, Plaintiff asserts that the ALJ erred in finding that fibromyalgia was a non-severe

impairment. *Id.* at 16. Third, Plaintiff finds the ALJ did not provide clear and convincing reasons for rejecting her subjective testimony. *Id* at 17-18. Fourth, Plaintiff believes the ALJ did not state specific, germane reasons for rejecting the testimony of Ms. Julie Sanchez, her daughter. *Id.* at 18-19. Finally, Plaintiff contends that the ALJ erred in steps four and five of the sequential analysis. *Id.* at 19-20. Further, Plaintiff argues that the medical records that she submitted to the Appeals Council but not the ALJ warrant a remand or reversal of the denial of benefits. ECF No. 29 at 2. The Commissioner argues that does not provide sufficient basis to change the ALJ's determination.

The Court finds that remand is appropriate in light of the medical records that were not considered by the ALJ. This is because these new records undermine the ALJ's conclusions, but the Court is uncertain whether these new factors result in a different residual functional capacity determination and the Court is unwilling to speculate how a vocational expert would testify given the new information. Further, because the Court finds remand appropriate, it is not necessary to address Plaintiff's other arguments at this time.

It is well established that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's

ORDER **-** 8

decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). Indeed, this additional evidence is relevant "so long as it relates to the period on or before the ALJ's decision." *Id.* at 1162 (citing 20 C.F.R. § 404.970(b)).

Here, the ALJ's decision was rendered on November 2, 2012, ECF No. 15 at 21, and the medical records in question are from Plaintiff's visit to see Dr. Vejvoda, an orthopedic surgeon, on September 6, 2012, and neck surgery on October 31, 2012. *Id.* at 453-56. Accordingly, these medical records concern the relevant time period and are germane to a determination of disability.

In his decision, the ALJ did not find that the Plaintiff had an impairment that meets or medically equals the severity of one of the listed impairments in the relevant regulation. ECF No. 15 at 13. At least in part, this determination was based on a finding that "the medical record does not document any associated neurological deficits, such as motor loss, atrophy, muscle weakness, or sensory loss." *Id.* Further, the ALJ added that "[a]lthough the claimant alleged neurological deficit associated with her degenerative disc disease, there are no objective studies of record establishing that." *Id.*

Looking to Dr. Vejovoda's records from September 6, 2012, it is clear that there are neurological deficits. In his assessment section, Dr. Vejovoda wrote that Plaintiff "is having progressive neurologic problems" and that surgery "could at

ORDER **-** 9

least arrest the progression of those neurologic deficits." *Id.* at 453. Also, he wrote that she has "substantial upper extremity hyperreflexia with a positive Hoffman bilaterally." *Id.* Given the ALJ's reasoning, it is clear that this medical record should be considered before any determination of severity of the spinal injury could be considered accurate.

Additionally, the ALJ found that Plaintiff has the residual functional capacity to perform light work, which was based on a consideration of "all the symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence." *Id.* at 15. The ALJ acknowledges that Plaintiff "alleged disability due to 'stenosis and disc herniation at C5-6 with significant cord compression; arm, shoulder, and hand pain and weakness; degenerative disc collapse at L5-S1,'" among other things. *Id.* The ALJ did not find, however, Plaintiff's testimony regarding the severity, persistence, and limiting of the symptoms related to this ailment to be credible. *Id.* at 16. In part, this was based on the fact that "there are conflicting opinions as to whether the claimant requires surgery on her neck." *Id.* at 18. The subsequent medical records from 2012 undermine the ALJ's reliance on this fact and the amount of weight that the ALJ gave the opinion of Dr. Staley, since that assessment was completed in September of 2011.

//

ORDER - 10

Indeed the subsequent medical records tend to show that Plaintiff's condition worsened from the time she last saw specialists regarding her spinal issues and the hearing. When Plaintiff saw Dr. Vejovoda on September 16, 2011, he wrote that Plaintiff had "a fairly sizable disc herniation at C5-6," which was causing her symptoms. *Id.* at 451. Dr. Vejovoda did not find this to be an emergency, but did find that the problem would be more and more significant and that a cervical decompression may be needed. *Id.* When Plaintiff saw Dr. Vejovoda on September 6, 2012, he wrote that Plaintiff "has globally decreased 5-/5 strength in triceps, wrist flexors, extensors, and grip." *Id.* at 453. Further, x-rays revealed "loss of cervical lordosis and C5-C6 disc collapse." *Id.* This led Dr. Vejovoda to conclude that he "would like to proceed with C5-6 anterior cervical discectomy and fusion," because at the very least it might stop the progression of the neurological deficits. *Id.* In fact, Plaintiff had surgery on her neck on October 31, 2012. *Id.* at 455.

On remand, these subsequent medical records should be considered by the ALJ because they may change entirely the outcome. As the Court sees it, these records should be accounted for in determining (1) the severity of the spinal impairment, (2) the amount weight to give the opinions of various medical providers, (3) and whether to credit Plaintiff's symptom testimony. Because it is

conceivable that the consideration of these records may lead the ALJ to reach the same outcome, the Court does not simply reverse the ALJ's determination.

**F.  Conclusion**

In summary, the Court finds that remand is appropriate in light of Dr. Vejovoda's medical records that were not considered by the ALJ.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED** to the extent that it seeks remand.

2.  The Commissioner's Motion for Summary Judgment, **ECF No. 28**, is **DENIED**.

3.  This case is **REMANDED** for proceedings before the ALJ consistent with this Order.

4.  **JUDGMENT** is to be entered in the Plaintiff's favor.

5.  The case shall be **CLOSED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 31st day of March 2015.

_____
SALVADOR MENDOZA, JR.
United States District Judge

Q:\SMJ\Civil\2014\Smith v. Colvin-0021\ord.sum.judg.lc2 03-31-15.docx

ORDER **-** 12